Inocencia Rodríguez, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

Núm. 1139.—*Sometido:* Febrero 7, 1944. *Resuelto:* Marzo 6, 1944.

*Dubón & Ochoteco* y *Otero Suro & Otero Suro,* abogados de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Emilia Cajas Cals falleció en San Lorenzo bajo el siguiente testamento cerrado, que fué debidamente protocolizado por orden de la Corte de Distrito de Humacao:

"En nombre de la Santísima Trinidad y de la Santísima Virgen hago hoy mi testamento a favor de Ynocencia Rodríguez qe. se lo merece por sus servicios pa. conmigo en muchos años, siendo esta mi última voluntad. Sólo poseo una casa en Caguas, Calle Corchado número 10, esquina a Celis Aguilera, tasada en tres mil pesos, y dispongo qe. se venda dicha casa pa. entregarle a Ynocencia Rodríguez mil pesos, o más si se puede, después de pagar los gastos de mi última enfermedad y de mi entierro; de modo qe. a ella dejo cuanto puedo; también dispongo qe. todos los demás objetos q.

me pertenecen como alguna qe. otra prenda, muebles, ropa, imágenes, piano (si existe el qe. tengo para esa fecha), todo sea pa. ella; pero sí le encargo qe. al morir yo me mande decir una misa de un peso y en esa fecha todos los meses; pero rezada y en el mes de noviembre además de esa mía, cinco misas más por las almas de papá, mamá, mis hermanos, Catana Santa María y Genara Caldas, mientras pueda pagarlas y cuando no pueda qe. procure ir a oírlas y nos las aplique.—Tengo qe. advertir otra cosa qe. también deseo cumplir en conciencia y es: qe. mi pariente Ulpiano Casal me paga hace algún tiempo las contribuciones de mi casa y me ha prestado algunas cantidades de dinero, lo cual hago constar; pero no puedo precisar con exactitud a cuánto asciente; pero qe. como confío en su honradez qe. él vea de acuerdo con el Rev. Padre Olalla y con Ynocencia cómo pueda cobrar mi deuda, o lo qe. pueda según alcance; pues él nunca me ha cobrado; pero yo cumplo con mi deber.—(Firmado) Emilia Cajas Cals.—Sn. Lorenzo, enero 23, 1941.''

Una copia de la escritura de protocolización del testamento, acompañada del certificado de defunción de la testadora y del recibo de contribución de herencia, fué presentada en el Registro de la Propiedad de Caguas interesando que el dominio de la casa legada en el testamento fuese inscrito a favor de la legataria Inocencia Rodríguez.

El Registrador denegó la inscripción, extendiendo al calce de la copia certificada de la escritura la nota que en lo pertinente dice:

''Denegada la inscripción solicitada a virtud del precedente documento, con vista de otros, porque de acuerdo con el testamento de Emilia Cajas Cals, la finca a que se refiere el mismo deberá ser vendida para pagar a doña Inocencia Rodríguez, una vez deducidas del producto de la venta ciertas deudas de la testadora, la suma de mil pesos, *o más si se puede*, siendo por tanto dicha Inocencia Rodríguez una legataria en cuanto se refiere a ese bien inmueble y heredera sólo en cuanto a determinados bienes muebles relacionados en el testamento, tomando en su lugar anotación por 120 días.'' (Bastardillas nuestras.)

██ Como muy bien dice el registrador, Inocencia Rodríguez tiene el concepto de legataria en cuanto a la casa

respecta y el de heredera en lo que se refiere a los bienes muebles que se mencionan en el testamento. Sin embargo, no podemos convenir con el registrador en cuanto sostiene que la casa tenga que ser vendida necesariamente, y que siendo Inocencia Rodríguez una legataria no puede inscribirse dicha propiedad a su favor, sujeta desde luego al pago de las deudas a que se refiere el testamento. El propio registrador admite en su alegato ''que se ve claramente que la voluntad de la testadora fué legar a dicha Inocencia Rodríguez el remanente del producto de la venta de la casa referida.'' Si vendida la casa y pagadas las deudas, el remanente del precio deberá pasar a Inocencia Rodríguez, ¿en que se violenta la intención de la testadora si Inocencia Rodríguez paga las deudas y retiene la propiedad de la casa? Siendo ése el propósito de la testadora, puede considerarse el legado como de cosa determinada, y es de aplicación entonces lo dicho por Morell al referirse a esta clase de legados:

''Después de todo, el legatario de cosa determinada tiene, con arreglo al Código, el derecho de propiedad sobre ella. ¿Cabe un derecho real más eficaz que esa propiedad que se le otorga en principio? ¿Por qué no permitir la inscripción en la forma condicional procedente? La anotación ni puede asegurar más su derecho ni es forma adecuada al efecto. Los derechos reales, condicionales o no, llevan en su propia naturaleza su más preciada garantía.'' 3 Morell, Legislación Hipotecaria, 128, 129.

Inscribiéndose la finca sujeta al pago de las deudas de la testadora, los derechos de los acreedores quedan perfectamente protegidos, y una vez acreditado en legal forma el pago de dichas deudas, cumplida así la condición impuesta por la testadora, el dominio del inmueble queda inscrito a favor de la legataria libre de la aludida condición.

Parece aplicable al presente caso por analogía lo dicho a la página 131 de la obra y tomo antes citados:

''La resolución de 28 de abril de 1876 declara que reunidas las cualidades de herederos y legatarios en unas mismas personas, y consintiendo todos en que cada cual tome posesión como legatario

de los lotes o bienes legados, ni hace falta anotación preventiva ni previa entrega, pudiéndose inscribir desde luego los legados.''

*Procede a nuestro juicio revocar la nota recurrida y ordenar la inscripción a favor de Inocencia Rodríguez del dominio de la finca legada, sujeto a la condición del pago de las deudas mencionadas en el testamento.*